

FILED

11/18/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 20-0262

## IN THE SUPREME COURT OF THE STATE OF MONTANA

PR 20-0262

_____

IN THE MATTER OF JENNIFER WEBBER,

An Attorney at Law,

Respondent

FILED

NOV 18 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER OF
DISCIPLINE

_____

A formal disciplinary complaint was filed against Montana attorney Jennifer Webber. The disciplinary complaint may be reviewed by any interested person in the office of the Clerk of this Court.

Webber subsequently tendered to the Commission on Practice her Conditional Admission and Affidavit of Consent, pursuant to Rule 26 of the Montana Rules for Lawyer Disciplinary Enforcement (MRLDE). The Commission held a hearing on the Conditional Admission and Affidavit of Consent on October 15, 2020, at which hearing Webber was present, testified, and represented herself pro se. On November 9, 2020, the Commission submitted to this Court its Findings of Fact, Conclusions of Law and Recommendation for Discipline in which it recommended that this Court approve Webber's conditional admission and enter an order imposing the agreed-upon discipline.

We accept the Commission's recommendation. In her conditional admission, Webber has admitted to failing to: carry out representation of clients with reasonable diligence, reasonably communicate with clients and respond to their inquiries, deposit retainers in her IOLTA account, complete legal services for which Webber was hired, provide a written fee agreement, withdraw representation when obligated to do so, return original documents and refund unearned fees, maintain retainers in her IOLTA account until they were earned, and make reasonable efforts to expedite litigation, all in violation

of Rules 1.3, 1.4, 1.5(a), 1.5(b), 1.15, 1.16(a), 1.16(d), 1.18, and 3.2 of the Montana Rules of Professional Conduct.

Webber tendered her admission in exchange for indefinite suspension for a minimum of seven months, and payment of costs incurred by the Office of Disciplinary Counsel (ODC) and the Commission in connection with this matter. Webber agreed that prior to reinstatement, she would comply with three conditions: (1) undergo a mental health evaluation by a licensed clinical psychiatrist or psychologist at Webber's expense and submit the evaluation report to ODC; (2) provide releases to allow ODC and Webber's mental health care providers to discuss the reports and findings of Webber's continued treatment progress; and (3) comply with Montana Rules of Lawyer Disciplinary Enforcement 30 and 32. Webber further agreed that upon reinstatement, she would comply with six additional conditions for a period of three years: (1) comply with all recommended treatment plans of her mental health care providers and continue treatment for mental health issues pursuant to those treatment plans; (2) continue to consult with the Lawyer Assistance Program (LAP) Coordinator and file with ODC the Coordinator's written recommendations for the means by which Webber can best address her emotional and mental health issues so that Webber may effectively and ethically return to the practice of law; (3) continue to meet with the LAP Coordinator monthly by phone or in person, and/or attend the nearest LAP meeting weekly or as often as those meetings are held; (4) participate in ODC's mentorship program and complete the supervised task checklist; (5) refrain from engaging in the solo practice of law without written approval of Webber's mentor, mental health care providers, and ODC, and upon submitting adequate written procedures relative to case management and adhering to those procedures; and (6) obey all laws and MRPC, understanding that any violation of federal or state laws or the MRPC will constitute a violation of a Court Order and will result in further discipline.

Based upon the foregoing,

IT IS HEREBY ORDERED:

1. The Commission's Recommendation that we accept Webber's Rule 26 tendered admission is ACCEPTED AND ADOPTED.

2. Jennifer Webber is hereby suspended from the practice of law in Montana for an indefinite period of not less than seven months, effective thirty days from the date of this Order. Webber is directed to give notice of her suspension to all clients she represents in pending matters, any co-counsel in pending matters, all opposing counsel and self-represented opposing parties in pending matters, and all courts in which she appears as counsel of record in pending matters, as required by MRLDE 30.

3. Webber shall pay the costs of these proceedings, subject to the provisions of MRLDE 9A(8) allowing her to file objections to the statement of costs.

4. Webber shall comply with the agreed-upon conditions prior to reinstatement as set forth above.

5. Upon reinstatement, Webber shall comply with the agreed-upon conditions as set forth above.

6. Pursuant to MRLDE 26(D), the Clerk of this Court is directed to file copies of Webber's Conditional Admission and Affidavit of Consent, together with the Findings of Fact, Conclusions of Law and Recommendation for Discipline.

The Clerk of this Court is directed to serve a copy of this Order of Discipline upon Jennifer Webber and to provide copies to Disciplinary Counsel; the Office Administrator for the Commission on Practice; the Clerks of all the District Courts of the State of Montana; each District Judge in the State of Montana; the Clerk of the Federal District Court for the District of Montana; the Clerk of the Circuit Court of Appeals of the Ninth Circuit; and the Executive Director of the State Bar of Montana.

DATED this 18 day of November, 2020.

_____
Chief Justice

3

_____

_____

_____

_____

_____

_____
Justices

4